IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CSAA INSURANCE GROUP,

           Petitioner,

v.                                            CIVIL ACTION NO.   2:25-cv-00105

DAVID KARR, et al.,

           Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner CSAA Insurance Group's ("Petitioner") Amended Petition to Appoint Umpire for Property Insurance Appraisal. (ECF No. 8.) As discussed below, the Petition is **GRANTED**.

## I.    BACKGROUND

This matter arises out of damage to residential property owned by Respondents David Karr and Michelle Drake ("Respondents"). (ECF No. 8 at 1.) Specifically, Respondents' property in Charleston, West Virginia was damaged by wind on April 2, 2024. (*Id.*) Because this property is covered by an insurance policy with Petitioner, Respondents filed a claim for roof and water damage that same day. (*Id.* at 1–2.)

Petitioner conducted an investigation. (*Id.* at 2.) On May 28, 2024, Petitioner received a report from a third-party forensic engineer, which found that, while an 80-mph windstorm occurred about 0.45 miles north of the property, "the brick veneer [wa]s not damaged by the wind." (*Id.*) Based on this investigation, Petitioner denied coverage for the brick veneer and provided a scope

1

for the covered damages in the amount of $31,212.79. (*Id.* at 3.)

Respondents engaged in a public adjuster to prepare a scope and estimate for the property damage, who prepared a repair estimate in the amount of $466,786.23. (*Id.*) Based on this estimate, Respondents demanded appraisal, in accordance with the insurance policy. (*Id.*) Specifically, the appraisal provision of the insurance policy at issue in this case states, in relevant part, as follows:

> If you and we fail to agree on the amount of a covered loss, either one can request that the amount of the loss be set by appraisal. If either makes a written request for appraisal, each shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written request. Where the request is accepted, the two appraisers shall then select a competent and impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the "residence premises" is located to select an umpire.
>
> The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree, they shall submit their differences to the umpire. A decision signed by any two of these three shall set the amount of the loss. Each party will:
>
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

(ECF No. 8-1 at 48–49.)

Ultimately, the parties' appraisers were unable to unable to agree upon an umpire. (ECF No. 8 at 3.) Thus, Petitioner initiated this matter, requesting that this Court select an umpire. (*See generally id.*) Pursuant to the Court's orders, (ECF Nos. 9, 13), the parties each filed *ex parte* lists of potential umpire candidates, (ECF Nos. 10–12, 14, 15).

As such, this matter is fully briefed and ripe for adjudication.

## *II.     LEGAL STANDARD*

The parties agree that any umpire chosen must be "competent and impartial." (ECF No. 8-1 at 48–49.) As to other qualifications of the umpire, the policy is silent. (*See id.*) Nevertheless, courts generally consider three factors in selecting the umpire: (1) experience with the appraisal of the type of loss at issue, (2) lack of bias, and (3) proximity to the location at issue and availability of time to devote to the project. *See 51 Roses Mill LLC as Assignee of Bridge33 Capital v. American Guarantee & Liability Ins. Co.*, No. NNHCV216115479S, 2023 WL 2454446, at *1 (Conn. Super. Jan. 20, 2023) (consolidating the factors); *see also Corpus Juris Secundum,* Insurance § 1897 (2011) (providing that the umpire "should be impartial, honest, and competent, and should not live an unreasonable distance from the scene of the loss"); *Brothers v. Generali U.S Branch,* No. CIV.A. 1:97–CV–798–MHS, 1997 WL 578681, at *3 (N.D. Ga. July 11, 1997) (explaining that "competence" in this respect is demonstrated by, among other things, prior experience as an umpire or mediator in the type of dispute at issue in a particular case).

## *III.     DISCUSSION*

No one candidate was proposed by both parties, (*see generally* ECF Nos. 10–12, 14, 15), but neither party objected to any of the candidates proposed by the other party. Thus, having reviewed of the parties' submissions and the applicable law, the Court **GRANTS** the Petition, (ECF No. 8), and **ORDERS** that Mr. Ray Prunty of Prunty Adjusting, LLC, is appointed as umpire in this matter, (*see* ECF No. 14-1).

## *IV.     CONCLUSION*

As discussed above, the Court **GRANTS** the Petition, (ECF No. 8), and **ORDERS** that Mr. Prunty is appointed as umpire in this matter, (*see* ECF No. 14-1). The parties bear

responsibility for contacting Mr. Prunty.  Additionally, the Court **ORDERS** that this action is **STAYED**, and the parties are **ORDERED** to notify the Court when the disputed insurance matter is resolved so that this case can be dismissed.   The Court further **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 23, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE